The defendant, Keion Jackson, was convicted by a jury of assault and battery on a family or household member in violation of G. L. c. 265, § 13M(a ).[2] On appeal, he argues that the conviction should be vacated because (i) the trial judge erred in permitting the victim to testify to a prior uncharged incident of domestic violence, (ii) the trial judge erroneously admitted the victim's medical records, and (iii) the prosecutor made improper statements during closing argument. We affirm.
Background. At trial, the victim testified as follows. She had been dating the defendant for approximately eight months, and lived with him in a second floor apartment of a house in New Bedford. One morning in August, 2016, the victim awoke to find the defendant standing over her, holding her cellular telephone (cell phone), and shouting about another communication between the victim and a man. The victim grabbed her cell phone and fled the apartment with the defendant in pursuit.
The defendant caught her on the stairway, wrapped his arm around her neck and lifted her off the step. The victim could not breathe and struggled to free herself. As she felt herself losing consciousness, she stopped struggling, and the defendant released her. The victim then ran from the building. She was brought to a hospital for treatment for her injuries.
Discussion. 1. Admission of prior incident of domestic violence. On appeal, the defendant first maintains that the trial judge erred in permitting the victim to testify, over objection, that in June, 2016-approximately two months prior to the incident giving rise to the present conviction-the defendant forcibly prevented her from exiting her vehicle over the course of approximately four hours during which he struck her repeatedly, pulled her hair, choked her with a flashlight, and sprayed her face with pepper spray. At one point, the defendant told the victim that he was going to kill her and throw her body in a nearby dumpster. Photographs of the victim's injuries from the prior incident were also introduced.
While evidence of a defendant's prior bad acts is "inadmissible for the purpose of demonstrating the defendant's bad character or propensity to commit the crimes charged," Commonwealth v. Crayton, 470 Mass. 228, 249 (2014), such evidence may be admissible if it is relevant for some other purpose (such as "to depict the existence of a hostile relationship between the defendant and the victim") and its probative value outweighs the risk of unfair prejudice. Commonwealth v. Oberle, 476 Mass. 539, 550 (2017), quoting from Commonwealth v. Linton, 456 Mass. 534, 551 (2010). "Determinations of the relevance, probative value, and prejudice of such evidence are left to the sound discretion of the judge, whose decision to admit such evidence will be upheld absent clear error." Commonwealth v. Robidoux, 450 Mass. 144, 158 (2007).
Here, the trial judge did not abuse his discretion in admitting this evidence. The prior incident, occurring just two months before the charged conduct, was relevant to contextualize the nature of the parties' relationship. See Oberle, 476 Mass. at 550-551. Additionally, the trial judge reduced the possibility of any undue prejudice by providing a limiting instruction to the jury. See id. at 550.
2. Admission of victim's medical records. Next, the defendant contends that the trial judge erred by allowing the admission of the victim's medical records, which although redacted, identified the defendant as the person who choked the victim. Medical records are admissible as an exception to the rule against hearsay, but only to the extent that the statements in those records are related to the patient's medical history or treatment. See G. L. c. 233, § 79. Accordingly, the victim's statements contained in her medical records that she had been choked for a period of time and had red marks on her neck were properly admitted. See Commonwealth v. Dimonte, 427 Mass. 233, 242 (1998).
As the Commonwealth concedes, however, the statement that she was the victim of an "assault" committed by "her boy friend" was not related to her medical treatment and thus should have been redacted. Because the defendant objected, we review the error in admitting these portions of the victim's medical records for prejudicial error. An error is only nonprejudicial where we are "sure that the error did not influence the jury, or had but very slight effect." Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994).
Here, the jury acquitted the defendant of strangulation, indicating that the medical records had, at most, only a very slight effect. See Commonwealth v. Sosnowski, 43 Mass. App. Ct. 367, 372 (1997). Moreover, the statements were cumulative of photographs of the victim's injuries and the victim's detailed testimony identifying the defendant as choking her. See Commonwealth v. Womack, 457 Mass. 268, 275 (2010). Furthermore, the Commonwealth's closing argument relied principally on the victim's testimony, referencing the medical records only in response to trial counsel's argument that the victim left the hospital without being formally discharged. See Commonwealth v. Irene, 462 Mass. 600, 619 (2012).
3. Closing argument. The defendant finally argues that the prosecutor made two improper statements during closing argument requiring reversal of his convictions. He contends that the prosecutor improperly injected an expert opinion into the closing argument by describing the victim as a "battered woman." The isolated phrase, which was descriptive, was not improper in the context of the entire closing argument, see Commonwealth v. Renderos, 440 Mass. 422, 425 (2003), during which the prosecutor relied on the victim's testimony that she did not report the abuse earlier because, inter alia, she was frightened that he would beat her if she did and the defendant asked her not to report the abuse. See Commonwealth v. Grimshaw, 412 Mass. 505, 509 (1992). Contrary to the defendant's contention, the passing reference did not invite the jury to rely on expert opinion without an expert. Cf. Commonwealth v. Fredette, 56 Mass. App. Ct. 253, 263-264 (2002).
Next, the defendant maintains that the prosecutor improperly vouched for the victim's credibility when she stated, "Well, I'm still standing here" in response to the defendant's argument that the victim fabricated the incident. The Commonwealth concedes this was error, and we agree. See Commonwealth v. Shelley, 374 Mass. 466, 471 (1978). Because there was no objection, we review this error to determine whether it created a substantial risk of a miscarriage of justice. See Commonwealth v. Dirgo, 474 Mass. 1012, 1012 (2016). Here, this single remark did not, in the context of the entire argument, create such a risk. Commonwealth v. Cunneen, 389 Mass. 216, 223-224 (1983). The overwhelming majority of the prosecutor's argument focused on the evidence that the victim's testimony was consistent and thus should be believed. Moreover, the remark was counterbalanced by strong instructions by the judge on the issues of credibility, weight of the evidence, and the Commonwealth's burden of proof. See Commonwealth v. Fletcher, 52 Mass. App. Ct. 166, 174 n.6 (2001).
Judgment affirmed.

The defendant was acquitted of strangulation or suffocation in violation G. L. c. 265, § 15D(b ).